

# NUMBER 13-13-00327-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**NOEL GONZALEZ,**                                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                       **Appellee.**

### On appeal from the 103rd District Court
### of Cameron County, Texas.

## ORDER OF ABATEMENT

### Before Justices Garza, Benavides, and Perkes
### Order Per Curiam

Appellant, Noel Gonzalez, filed a notice of appeal with this Court from his conviction in trial court cause number 2012-DCE-2380-D. The trial court's certification of the defendant's right to appeal shows that the defendant does not have the right to appeal. *See* Tex. R. App. P. 25.2(a)(2).

On June 28, 2013, we ordered appellant's counsel, Noe Robles, to, within thirty days, review the record and advise this Court as to whether appellant has a right to appeal. *See* Tᴇx. R. Aᴘᴘ. P. 44.3, 44.4. No response to this Court's order was received and the case was abated and remanded to the trial court on September 3, 2013. Following the abatement, Larry Warner filed an appearance of counsel for appellant, a response to the abatement order, and a motion for leave to file a supplemental response once the record is complete, specifically the reporter's record of the hearing on the motion for new trial.

On February 14, 2014, the reporter's record was filed and the cause reinstated. The Court granted appellant's motion for extension of time to comply with the June 28, 2013 order by filing a supplemental response by March 24, 2014. No response to the Court's order of June 28, 2013 has been received. Therefore, we ABATE this appeal and REMAND this cause to the trial court for a hearing to determine why counsel has failed to comply with this Court's order. The trial court's findings and conclusions shall be included in a supplemental clerk's record. The trial court shall file the supplemental clerk's record and reporter's record, if any, with the Clerk of this Court within thirty days from the date of this order.

If the trial court determines that counsel is unable to represent appellant in this matter, the trial court shall conduct a hearing to determine whether appellant desires to prosecute the appeal, whether appellant is indigent, and whether appellant is entitled to appointed counsel. *See Penson v. Ohio*, 488 U.S. 75, 83-84 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We further direct the trial court to issue findings of fact and conclusions of law regarding these issues. Should the trial court find

2

that appellant desires to pursue this appeal, is indigent, and is entitled to appointed counsel, the trial court shall appoint counsel. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the trial court's findings of fact and conclusions of law.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of April, 2014.